UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-355-GWU

MILLARD R. TARVIN,                                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB).  The appeal is currently before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-355  Millard R. Tarvin

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

06-355  Millard R. Tarvin

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

06-355  Millard R. Tarvin

> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

06-355  Millard R. Tarvin

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

06-355  Millard R. Tarvin

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

06-355  Millard R. Tarvin

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d
279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the
Commissioner's decision may be produced through reliance on this expert testimony
only if the hypothetical question given to the expert accurately portrays the plaintiff's
physical and mental impairments.   <u>Varley  v. Secretary of Health and Human
Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Millard R. Tarvin, was found by an administrative law judge (ALJ)
to have "severe" impairments consisting of degenerative disc disease of the cervical
spine, chronic lumbago, post traumatic arthritis of the left knee, mild one-vessel
coronary artery disease, a history of neck pain and stiffness, back pain, hypertension
(controlled), and complaints of intermittent chest pain, shortness of breath,
headaches, and sleep disturbances.  (Tr. 21).  Nevertheless, based in part on the
testimony of a vocational expert (VE), the ALJ determined that Mr. Tarvin retained
the residual functional capacity to perform a significant number of jobs existing in the
economy, and therefore was not entitled to benefits.  (Tr. 23-7).  The Appeals
Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of
the plaintiff's age, education and work history could perform any jobs if he were
limited to "light" level exertion with a need to avoid sitting and standing at 30-minute

06-355  Millard R. Tarvin

intervals and also had the following non-exertional impairments.  (Tr. 265).  He: (1) could occasionally climb, bend, crouch, and balance; (2) needed to avoid temperature extremes and humidity; and (3) was limited to performing simple one or two step instructions.  (Tr. 265-6).  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 266).

The ALJ's functional capacity conclusion is consistent with the opinion given by one of the plaintiff's treating physicians, Dr. Robert Hoskins.  Dr. Hoskins treated Mr. Tarvin beginning in November, 2003 for complaints of back and neck pain, right arm pain, hypertension, high cholesterol, and arthritis of the knee.  (E.g., Tr. 120-36). On June 9, 2004, after reviewing x-rays showing degenerative joint disease of the cervical, thoracic, and lumbosacral spine which was, at most, "moderate," and conducting a physical examination which included findings of mild crepitation in both knees and enlargement of the left patellar tendon, Dr. Hoskins concluded that there was no clear evidence to exclude occasional light carrying and lifting and occasional bending, squatting, climbing, and balancing.  (Tr. 122).  He thought that Mr. Tarvin might have difficulty with heavy lifting, prolonged walking and sitting, frequent climbing, and crawling.  These restrictions are consistent with the hypothetical question.  In September, 2004, Dr. Hoskins obtained MRIs of the cervical and lumbosacral spine, showing disc bulging and herniation without stenosis in the

8

06-355  Millard R. Tarvin

cervical spine and disc bulging and mild dessication of the lumbosacral spine.  (Tr. 105, 142-3).  He reported that he filled out a functional capacity form for the plaintiff on October 11, 2004 (Tr. 106), but no copy is included in the Court transcript.  The plaintiff saw Dr. Hoskins one more time and received medications and a referral to pain management.  (Tr. 158).

A state agency physician reviewed the evidence on November 8, 2004, and concluded that Mr. Tarvin would be capable of "medium" level exertion with occasional climbing, stooping, kneeling, and crawling.  (Tr. 149-56).

The plaintiff argues that functional capacity assessments prepared by other sources should be given controlling weight.  One of the assessments was by a certified family nurse practitioner, Mable Spell (Tr. 175-9), but the ALJ correctly noted that this was not an "acceptable medical source" under 20 C.F.R Section 404.1513.  Moreover, it appears that Spell saw the plaintiff on only one occasion. Another source cited by the plaintiff was a physical therapist, Tom Bowden, who, likewise, is not an acceptable medical source and who saw the plaintiff on only one occasion.  (Tr. 209-15).  Mr. Bowden did evaluate the plaintiff at the request of a physician, Dr. Kishore Jadhav.  (Tr. 211).  Dr. Jadhav signed a functional capacity assessment which gives the same restrictions as found by Bowden.  (Tr. 220-3). While he was clearly an acceptable medical source, there are no actual treatment notes from Jadhav, and, as the ALJ noted, the rationale given in his functional

06-355  Millard R. Tarvin

capacity assessment for his restrictions was almost word for word the same as Bowden.  (Tr. 214, 223).[1]  Moreover, even if Dr. Jadhav had been fully established as a treating source, the ALJ would not have been required to give his opinion greater weight than the other treating source, Dr. Hoskins.

The administrative decision is clearly supported by substantial evidence, and will be affirmed.

This the 23rd day of May, 2007.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

---

[1]Interestingly, although notes from a cardiologist, Dr. Ashwini Anand, indicate that Dr. "Kishore" referred Mr. Tarvin for an evaluation of hypertension, shortness of breath, and an abnormal stress test, no mention of any cardiac complaint is made in Dr. Jadhav's subsequent functional capacity assessment.  Dr. Anand performed a cardiac catheterization in March, 2005 which showed normal left ventricular wall motion and a normal left ventricular ejection fraction and "single vessel coronary disease."  (Tr. 203-4). He recommended "conservative" medical management, and the most recent office note showed that the plaintiff denied chest pain and fatigue, although he had shortness of breath with exertion.  (Tr. 197).  Dr. Anand stated that Mr. Tarvin was "stable from a cardiac standpoint and appears to be doing well," and he should "exercise as much as he can tolerate."  No functional restrictions are suggested.

10